## Case No. 1,325.

### BENNETT v. The TEVERE.

[5 Adm. Rec. 364.]

District Court, S. D. Florida. Sept. 6. 1855.

SALVAGE—AMOUNT—SALE OF VESSEL—CHARGES—FOREIGN CONSUL—COMMISSIONS.

[1. The Sardinian brig Tevere, bound from Cuba to Bremen, while on Alligator reef, and in peril of total loss, was assisted by three sloops carrying 39 men, who carried out an anchor, lightened the brig, and, after heaving her off, towed her into port. The services were rendered in bad weather, and were attended with considerable risk to the persons and property of the salvors. The vessel and cargo were valued at between $17,000 and $20,000. Held, that as the necessary repairs to the vessel would cost more than her worth after repair, and that as the master could raise no money, the court would order a sale of the vessel and cargo, and award 42 per cent. of the net value to the salvors.]

[2. Where the net value of property ordered to be sold to pay salvage is necessary to be known to the court, for the purposes of its just decision, the court may determine the legality, justice, and amount of all charges against it, and may order the same to be produced before it for such determination.]

[3. The consul of Spain had no right to consular fees from the proceeds of the sale of such vessel for attending such sale, when it appeared that the vessel was Sardinian, the cargo owned by Belgians, and that interests of Spanish subjects were in no wise affected.]

In admiralty.

S. R. Mallory, for libellants.
S. J. Douglas, for respondent.

MARVIN, District Judge. This brig. Gallo, master, laden with sugar, and bound from Trinidad de Cuba to Bremen, about three o'clock in the morning of the 18th of July, ran ashore upon Alligator reef, where she remained in great peril of total loss, for about twenty-two hours. The crews of the sloops Texas, Mary H. Williams, and Dolphin, numbering thirty-nine men in all, carried out an anchor, lightened the brig of thirteen hogsheads and one hundred and twenty-eight boxes of sugar, and two hogsheads of rum, and heaved the brig off the reef. Having lost her rudder, they towed her into port. These services were rendered in very bad weather, and were attended with considerable danger of injury to the persons and property of the salvors, and some little danger to their lives. The particular facts are stated in the libel; and, it is evident, both from the allegations and proofs, that this brig and cargo would have been

totally lost, but for the services of the libellants. The brig and cargo may be estimated to be worth from $17,000 to $20,000, more or less. Both will be sold, and forty-two per cent. upon the net value will be decreed, as a reasonable salvage. This salvage, when divided, will make the shares amount to between sixty and seventy dollars. The brig suffered very considerable injury while on the reef. Surveyors report, that her repairs would cost more than she would be worth, after they were made. The master can raise no money, either by bottomry or hypothecation in this port or Havana, with which to repair the vessel, or pay the salvage upon brig and cargo. To sell cargo sufficient for these purposes, would leave little or none remaining. Under these circumstances the wisest course would seem to be, that the court should make an order directing a sale of the vessel and cargo. It is therefore ordered, and decreed, that the marshal proceed to advertise and sell at public auction the Sardinian brig Tevere, her tackle, apparel and furniture and cargo, and bring the proceeds into the registry of the court; that the duties, costs, expenses, wharfage, storage, labor bills, notary and surveyor's fees, keeper's charges, and all other costs and charges incurred upon the property in consequence of the disaster (except the master's expenses in going to Havana to raise money or to charter a vessel, and except his proctor's fees) which are proper charges to be made against the residue in the master's hands after paying salvage be first ascertained and allowed by the court, and deducted from the gross proceeds of sale of the said brig and cargo, and that forty-two per cent. of the remainder be allowed the libellants for salvage in full compensation for their services rendered said brig and cargo; that the clerk pay the salvage, costs, expenses, duties, and charges to the several parties entitled to receive them, and, the residue of the money remaining in court, pay to Captain Gallo, master of said brig, for and on account of whom it may concern.

(Oct. 3, 1855.)

THE COURT having heretofore, to wit, on the 6th day of September, 1855, pronounced its decree in this case, awarding to the libellants, for their salvage, forty-two per cent. upon the net proceeds of the sale of said brig and cargo, directed by the said decree, to be ascertained by first deducting from the gross amount of sales, the wharfage, storage, labor bills, duties, and all other costs and charges, incurred upon the property, in consequence of the disaster, to be ascertained and allowed by the court, (except the master's expenses in going to Havana

and his proctor's fees,) the remainder to be considered the net proceeds. Now on this 3rd day of October, among other bills of charges presented to the court to be allowed against said gross proceeds of sale, Mr. Sallas, consul for Spain, presents a bill containing among other charges a demand for four hundred and ninety-two dollars, being two per cent. commissions on the amount of the proceeds of the sale of said brig and cargo, as a compensation to him for attending the sale of the said brig and cargo, made by the marshal by order of the court; and he claims that he presents said bill to the court, not intending thereby to admit the right, or jurisdiction of the court, to decide upon his right to such commission, but expressly denies such jurisdiction, but he presents the bill in order that the amount, just as it is, and on his own authority in his office of consul of Spain, may be deducted from the gross proceeds of sale, in ascertaining the amount of salvage. Wherefore, the premises duly considered, THE COURT decides:

First. That in salvage causes, the real or net value of the property being often an important fact necessary to be known in order to a just decision of the cause, the jurisdiction of the court, to ascertain that fact, by ordering to be produced before it, all charges upon the property, and by deciding upon the legality, justice and amount of such charges, is ample and complete; whether the charges consist of wharfage, storage, duties, consular fees, or whatever may be their nature, or by whomsoever claimed, or by whatsoever right or law existing, the exercise of the jurisdiction in the manner indicated, depending upon the discretion of the court upon a view of the circumstances.

Second. Whatever may be the rights or privileges or perquisites of office attached to Mr. Sallas, as consul of Spain, in cases in which the interests of Spanish subjects are concerned, he has no right, by attending a sale of wrecked property, belonging to persons not subjects of Spain, and conducted under the authority and by order of this court, to entitle himself to the commission claimed by him, or any other fee or emolument of office. And in regard to the sale in the present case, the vessel being Sardinian, and the cargo being supposed to belong to Belgians, having been consigned to Bremen, the commission charged by Mr. Sallas for attending the sale, is not a proper and legal charge to be made against the proceeds of the sale of said brig and cargo, and ought not to be allowed, or paid, or deducted from said proceeds. Wherefore, it is ordered, that the aforesaid commission be disallowed as not being a proper and legal charge upon said proceeds.